| 32 | 29 |
|----|-----|
| 62 | 145 |

</div>

## CAIRO AND FULTON RAILROAD CO. VS. REA.

1. *Service and return of process against a corporation.*
   See preceding case.
2. *Assessment of damages.*
   Section 4712, Gantt's Digest, does not authorize the appointment of a commissioner to assess damages, upon the failure of defendant to answer, in an action of trespass.

APPEAL from *Saline* Circuit Court.

HON. L. D. BELDIN, Circuit Judge.

*J. M. Moore*, for appellant.

*Z. P. H. Farr*, contra.

ENGLISH, CH. J.:

On the 25th May, 1873, Edwin G. Rea filed a complaint, in the Saline Circuit Court, against the Cairo and Fulton Railroad Company, alleging:

"That the said railroad company did, by, and through their agents, and employees, commit trespass on the plaintiff's land, in the County of Saline, State of Arkansas, in township two south, fourteen west, and section five, being the northeast of the northwest quarter, and the northwest of the northeast quarter of said section, by cutting down and using timber and earth

from the same, and building a road bed through the same, to his damage five hundred dollars."

On the next day a writ was issued, commanding the sheriff "to summon the Cairo and Fulton Railroad Company to answer on the third (3d) day of the next June Term of the Saline Circuit Court, a complaint filed against them in said court by Edwin G. Rea, and warning them that upon their failure to answer the complaint will be taken for confessed," etc.

Upon which writ, the sheriff endorsed the following return :

"I have, this first day of June, A. D. 1873, duly served the within, by delivering a copy of the same to each of the within named defendants, as therein commanded."

No order appears to have been made in the cause at the return.

There is an entry dated October 8th, 1873, showing that the plaintiff appeared, by attorney, and "the court continued the cause without prejudice to any of the parties."

It appears that on the 12th of February, 1874, Ransom Thompson was appointed by the court, and sworn "as a commissioner, to hear proof and report the amount of damages sustained by the plaintiff, by reason of the alleged misconduct of the defendants in taking the land of the plaintiff for the bed of said railroad, and use of his timber, etc., in the construction of said railroad," etc.

On the same day the commissioner reported to the court, that he had examined witnesses, etc., and was satisfied that the plaintiff's damages amounted to $250 ; and final judgment was thereupon entered against the defendant for that sum, and for costs.

On the 3d of August, 1874, defendant obtained the allowance of an appeal from the judgment before the clerk of this court.

I.   The return of the sheriff shows no legal service of the writ upon appellant.

There was but one defendant sued and named in the writ—the Cairo and Fulton Railroad Company—a corporation and not a natural person.

The manner of serving process on such a corporation, and making the return of service, was sufficiently indicated in *Cairo and Fulton Railroad Co.* v. *Trout, ante.*

II.   The action is in trespass, and not founded upon contract, and in such action the statute does not authorize the court to appoint a commissioner to assess plaintiff's damages on failure of defendant to answer.   Gantt's Digest, sec. 4712.

Judgment reversed, and cause remanded for further proceedings, appellant to be regarded as in court, by reason of the prosecution of this appeal, with leave to plead to the complaint, etc.